# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HELEN BYRD**                                                      **CIVIL ACTION**

**VERSUS**

                                                  **NO.  15-634-BAJ-RLB**

**CASTLEPOINT FLORIDA
INSURANCE COMPANY, ET AL.**

## ORDER

Before the Court is Castlepoint Florida Insurance Company, Petunio Transport Corporation, and Alberto Jose's ("Defendants")[1] Motion to Compel (R. Doc. 9) filed on March 14, 2016.  These defendants move Court to compel "(1) supplementation of certain pre-removal responses to defendants' discovery requests and (2) the identification of available deposition dates of Plaintiff, Helen Byrd," and seek leave for the issuance of additional interrogatories. (R. Doc. 9 at 1).  In the alternative, Defendants "request the Court to order the parties to have a Rule 26(f) initial conference." (R. Doc. 9 at 1).  Defendants also seek recovery of expenses in bringing the motion.  (R. Doc. 9 at 1-2).

Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f).  Plaintiff has not filed opposition as of the date of this Order.  The motion is therefore unopposed.

Plaintiff initiated this action in Louisiana state court on February 9, 2015.  (R. Doc. 1-2 at 8).  Defendants removed the action on September 21, 2015, on the basis of diversity jurisdiction.  (R. Doc. 1).

On October 8, 2015, the court issued an order setting a scheduling conference for December 17, 2015 and requiring the parties to submit a joint status report two weeks before that

---

[1] Defendant State Farm Mutual Automobile Insurance Company is not a party to the instant motion.

date.  (R. Doc. 2).  The parties submitted a joint status report on December 3, 2015 with proposed pre-trial deadlines. (R. Doc. 5).  On December 11, 2015, the Court entered a Scheduling Order based upon the parties' proposed deadlines and cancelled the scheduling conference. (R. Doc. 7).  The Scheduling Order noted that the parties waived the exchange of initial disclosures and requested a non-expert discovery deadline of June 1, 2016. (R. Doc. 7 at 1).

Defendants now seek a court order requiring Plaintiff to respond to discovery issued in state court and to allow them to issue more than the twenty-five interrogatories served prior to removal of this action.

Once a state court action is removed, it is governed by federal, rather than state, procedure. *See* Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992) ("This expansive language creates no exceptions"). Accordingly, the Court will not compel a party to respond to pre-removal discovery requests issued in state court.  *See Menard v. Midwest Med. Supply Co.*, No. 11-01517, 2012 WL 5900744, at *2 (W.D. La. Nov. 21, 2012).

Furthermore, regardless of the amount of interrogatories served prior to removal under state procedural rules, the Federal Rules of Civil Procedure authorize a party to serve up to "25 written interrogatories." Fed. R. Civ. P. 33(a)(1).  As there is no indication in the record that Defendants have served any interrogatories pursuant to Rule 33, the Court need not determine whether Defendants should be granted leave to serve more than 25 written interrogatories as authorized by that rule, and will not do so in the context of a motion to compel.

With respect to the request for a court ordered Rule 26(f) conference, Rule 26(f) requires the parties to confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).  This conference is mandatory and should have occurred months ago.  Defendants provide no explanation how the parties submitted a joint status report, which serves as the "discovery plan" as required by Rule 26(f)(3), without holding the requisite Rule 26(f) conference.  Based on the record, the court will order an in person status conference by way of separate order.

Finally, the court will not order Plaintiff to attend and/or provide dates of availability for a deposition in the absence of a properly issued Notice of the Deposition as detailed by Rule 30(b)(1).  *See, e.g.*, *Dang ex rel. Dang v. Eslinger*, No. 14-37, 2014 WL 3611324, at *1 (M.D. Fla. July 22, 2014) (denying motion to compel deposition of plaintiff where defendants admitted they had not served a Rule 30(b) notice of deposition on plaintiff) (citing cases); *Home Design Servs., Inc. v. Collard Properties, LLC*, No. 11-00011, 2012 WL 1801946, at *2 (D. Colo. May 17, 2012) (denying motion to compel as premature insofar as it sought an order compelling depositions where no notices of depositions were served); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i) (authorizing court to order sanctions where a party "fails, after being served with proper notice, to appear for the person's deposition").

Non-expert discovery is set to close on June 1, 2016.  Defendants have sufficient time to propound written discovery on Plaintiff and notice her deposition in accordance with the Federal Rules of Civil Procedure prior to the close of discovery.[2]

---

[2] The court notes that the record indicates that Plaintiff's counsel has not responded to defense counsel's communications.  If Plaintiff and/or her counsel fail to respond to discovery propounded by Defendants pursuant to the Federal Rules of Civil Procedure, or fails to attend a noticed deposition in the absence of a protective order, the court will be inclined to issue sanctions pursuant to Rule 37.

3

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 9) is **DENIED.**

Signed in Baton Rouge, Louisiana, on April 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**